**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-2281-WJM-MJW

FRANK WOLFF, *ex rel*. United States of America,

    Plaintiff,

v.

CITIGROUP, INC.,
CITI HOLDINGS, CITICORP,
CITIBANK NA,
CITIGROUP FINANCIAL PRODUCTS, INC.,
UBS AG,
UBS GROUP,
UBS SECURITIES LLC,
UBS AMERICAS, INC.,
UBS BANK USA,
UBS FINANCIAL SERVICES INC.,
UBS LIMITED,
J.P. MORGAN CHASE AND COMPANY,
JP MORGAN CHASE BANK, N.A.,
CHASE BANK USA N.A. and
JP MORGAN SECURITIES LLC

    Defendants.

---

**ORDER DISCHARGING ORDER TO SHOW CAUSE AS TO WHY COURT SHOULD NOT *SUA SPONTE* CHANGE THE VENUE OF THIS ACTION**

---

    Plaintiff-Relator Frank Wolff brings this action on behalf of the United States of America pursuant to the False Claims Act, 31 U.S.C. §§ 3729 *et seq*. (ECF No. 1.) On August 29, 2014, the Court issued an Order to Show Cause directing Plaintiff-Relator to show cause as to why the Court should not *sua sponte* change the venue of this case to a district in which there is a more obvious connection to the litigation. (ECF No. 8.) Both Plaintiff-Relator and the United States filed responses on September 5, 2014

opposing a change of venue.  (ECF Nos. 9 & 10.)  The Government states that it has began to form a team for an investigation into Plaintiff-Relator's claims, and that the District of Colorado is well-suited to lead that investigation as it has recently conducted a similar inquiry, and is a member of the Department of Justice's Residential Mortgage Backed Securities Working Group.  (ECF No. 10 at 3.)  The Government represents that the investigation will likely involve divisions of numerous federal agencies—including the Federal Deposit Insurance Corporation—which are located across the country.  (*Id*.)  The Government also states that this case will likely remain sealed for a considerable period, during which the Government conducts its investigation, and that few Court resources will be required during this period.  (*Id*. at 2.)

Finally, the Government states that it will be more fully apprised of the factors the Court is to consider when determining the most appropriate venue—such as convenience of the parties and witnesses, location of documents, and enforcability of a judgment—after its investigation is complete.  (*Id*.)  Plaintiff-Relator echos these statements.  (ECF No. 9.)

The Court has considered the points raised by the parties and finds that a *sua sponte* change of venue is not warranted at this point in the case.  Accordingly, the Court's Order to Show Cause (ECF No. 8) is DISCHARGED.  However, the Court continues to have significant reservations about the District of Colorado being the most convenient and appropriate forum for this action.  Therefore, at the time the Government notifies the Court as to whether it has elected to intervene in this action, *see* 31 U.S.C. § 3730, it shall also file a brief updating its position regarding the most

appropriate venue for this litigation.

Dated this 8th day of September, 2014.

BY THE COURT:

William J. Martinez
United States District Judge