**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-2281-WJM-MJW

FRANK WOLFF, United States of America, *ex rel.*,

    Plaintiff,

v.

CITIGROUP, INC.,
CITI HOLDINGS, CITICORP,
CITIBANK NA,
CITIGROUP FINANCIAL PRODUCTS, INC.,
UBS AG,
UBS GROUP,
UBS SECURITIES LLC,
UBS AMERICAS, INC.,
UBS BANK USA,
UBS FINANCIAL SERVICES INC.,
UBS LIMITED,
J.P. MORGAN CHASE AND COMPANY,
JP MORGAN CHASE BANK, N.A.,
CHASE BANK USA N.A., and
JP MORGAN SECURITIES LLC,

    Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S CONSTRUED MOTION**

Before the Court is a letter the Court received from Plaintiff on March 7, 2016. (ECF No. 25.) The Court construed the letter "as a motion to un-restrict ECF No. 13 and to compel the Government to explain its decision not to intervene in this case." (ECF No. 26.) The Court ordered a response from the Government, which the Government filed on March 21, 2016. (ECF No. 28.) For the reasons explained below, Plaintiff's construed motion is granted as to the request to un-restrict ECF No. 13, but

otherwise denied.

Plaintiff filed this action on August 15, 2014.  (ECF No. 1.)  Plaintiff alleged that the FDIC, acting as receiver for a failed Illinois bank, was falsely induced to pay out claims to the bank's creditors (the Defendants here).  (*Id.* ¶¶ 12–26.)  Plaintiff asserted a claim under the False Claims Act, 31 U.S.C. §§ 3729 *et seq*.

When such claims are brought by private persons (like Plaintiff), the Government receives a 60-day window in which to investigate and determine whether it will intervene and prosecute the case.  *Id.* § 3730(b)(2).  The Government may also move for extensions of that 60-day window, and "[a]ny such motions may be supported by affidavits or other submissions in camera."  *Id.* § 3730(b)(3).  At the close of the Government's investigation, the Government must elect either to intervene or not.  *Id.* § 3730(b)(4).

Here, the Government sought one *ex parte* extension of the 60-day window. (ECF No. 13.)  The Court granted that extension.  (ECF No. 14.)  Then, in April 2015, the Government filed a notice that it would not intervene.  (ECF No. 15.)  The Government also filed a motion to un-restrict previously restricted filings, save for its motion for extension, which the Government contended should remain under Restricted Access, Level 2.  (ECF No. 16.)  The Government argued that, "[i]n such motions for extensions of time, the government ordinarily is required to inform the Court of confidential internal details of the nature and status of its investigation of the alleged violations."  (Id. at 3.)  The Government further asserted that ECF No. 13 "discussed confidential details of its investigation of the alleged violations, and the submission of

these confidential details was made with the understanding that it was an in camera submission under the [False Claims] Act." (*Id.* at 3–4.) The Court heard no opposition on this motion because, at the time it was filed, it was itself under Level 2 Restricted Access. In any event, the Court granted that motion. (ECF No. 18.)

In July 2015, Plaintiff voluntarily dismissed the lawsuit (ECF No. 23), and this matter remained dormant until the Court received the March 2016 letter that it has construed as a motion (ECF No. 25). The letter is from Plaintiff himself, not from his attorney.[1] Plaintiff states that he is "at a loss" as to why the Government would choose not to intervene in this case when it is allegedly prosecuting numerous other cases that raise essentially the same factual scenario. (*Id.* at 1.) Plaintiff wishes to know "if ECF No. 13 contains any information" that might help to explain the Government's decision. (*Id.* at 2.) Plaintiff therefore requests that ECF No. 13 be unsealed, or at least released to him. (*Id.*) Plaintiff also requests that the Government be ordered to provide "a thoughtful and reasoned explanation as to why [it] declined to intervene in this case." (*Id.*)

Plaintiff's construed motion brings the propriety of ECF No. 13's access restrictions again to the Court's attention. The Government argues that, as a matter of policy, the document should remain restricted:

> A ruling here that the restrictions on such motions [for extension of time] could be lifted would significantly chill the

---

[1] Plaintiff's attorney was still his attorney of record at the time Plaintiff filed the letter, but Plaintiff's attorney has since withdrawn. (*See* ECF Nos. 29–31.) The Court therefore need not address whether Plaintiff's letter-motion is inappropriate under D.C.COLO.LAttyR 5(a)(4), which states that only unrepresented individuals or members of the bar of this Court may file motions or other papers.

>ability to give the Court full disclosures of the details and status of ongoing investigations. ECF No. 13 contains information about the government's investigation and strategy regarding Relator's case. Ordering disclosure of applications for extension of time such as ECF No. 13 would remove the reassurance that such motions remain restricted, and that disclosure could lead to a future reluctance by the government to reveal helpful details about its investigations in pre-intervention filings. This lack of complete disclosure would in turn impede the ability of district courts to evaluate the need for extensions of time.

(ECF No. 28 at 6–7.)

The Court agrees with the Government to the extent that sensitive information (whether information about the substance of the case, about investigative strategies, etc.) should almost always remain restricted even after the remainder of the case is unrestricted. However, having re-examined ECF No. 13, the Court finds that it mostly comprises a summary of Plaintiff's complaint (which is now publicly accessible) and generic cut-and-paste statements of legal standards regarding the False Claims Act and regarding the authority to seal the motion itself. There are only two places in the document that contain any information specific to this case. The first is a statement that counsel for the Government conferred with Plaintiff's counsel about the extension and secured Plaintiff's non-opposition. (ECF No. 13 at 2.) This, of course, reveals that the Government already divulged at least some aspects of ECF No. 13 to Plaintiff's counsel, who could then convey it to Plaintiff himself. The second is the following innocuous paragraph (which, by quoting it here, the Court obviously finds is not worthy of restriction):

>The U.S. Attorney's Office for the District of Colorado ("USAO") and the Department of Justice, Civil Frauds Section, in conjunction with the FDIC-OIG, are working to

4

> investigate Relators' [*i.e.*, Plaintiff's] allegations in the *qui tam* Complaint. The United States has scheduled an interview with relator and has been working with relator's counsel to set forth an investigatory plan. The government may also request documents from the Defendants. If Defendants do not produce those documents voluntarily, the United States will need to issue Civil Investigative Demands or administrative subpoenas. Once the documents are received, the government reasonably anticipates that the process of reviewing and analyzing the documents will take at least several months to complete.

(*Id.* at 7.) Nothing here describes anything remotely sensitive. Indeed, Plaintiff must have known that an interview was scheduled with him. Thus, that fact need not remain restricted. Moreover, the fact that the Government "may also request documents from the Defendants" is a possibility in essentially every False Claims Act case. The fact that the Government was contemplating it does not need to remain restricted at this stage.

The Court emphasizes that it generally agrees with the Government concerning the need to be able to provide sensitive details to the Court when moving for an extension of time under 31 U.S.C. § 3730(b)(3), and that the willingness to provide such details would be impeded if the Government knew that its statements could later be unrestricted. The Government can rest assured that sensitive statements will indeed remain restricted even when the rest of the docket is unrestricted. But the Government never made any such statement in ECF No. 13. Thus, the Court will order the Clerk to unrestrict that document.

As for requiring the Government to provide a reasoned explanation of its decision not to intervene, Plaintiff offers no authority imposing such a duty. Nor will the Court innovate such a duty on this record. *See United States v. Martinez*, 518 F.3d 763, 768 (10th Cir. 2008) (failure to meaningfully develop an argument is tantamount to

waiver).[2]

For all of these reasons, the Plaintiff's construed motion (ECF No. 25) is GRANTED IN PART and DENIED IN PART as follows:

1. The Clerk is DIRECTED to unrestrict ECF No. 13; and

2. Plaintiff's motion is otherwise DENIED.

Dated this 2nd day of November, 2016.

BY THE COURT:

William J. Martinez
United States District Judge

---

[2] Plaintiff's argument would likely to fail nonetheless. *See Davis v. U.S. Dep't of Health & Human Servs.*, 968 F. Supp. 2d 176, 182 (D.D.C. 2013) ("The government's decisions not to intervene [in a False Claims Act case] are presumptively unreviewable . . . ."), *aff'd*, 2014 WL 2178705 (D.C. Cir. Apr. 25, 2014).